```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                         TAMPA DIVISION
```

**ROBERT LEIGHTON**

    **Plaintiff,**

**v.**                                         **CASE NO. 8:04-CV-1404-T-EAJ**

**JO ANNE BARNHART,**
**Commissioner of Social**
**Security Administration,**

    **Defendant.**
_____ /

## FINAL ORDER

Plaintiff brings this action pursuant to the Social Security Act ("the Act"), as amended, Title 42, United States Code, Sections 405(g) and 1383(c)(3), to obtain judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his claim for period of disability, Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI").

The undersigned has reviewed the record, including a transcript of the proceedings before the Administrative Law Judge ("ALJ"), the administrative record, and the pleadings and memoranda submitted by the parties in this case.[1]

In an action for judicial review, the reviewing court must affirm the decision of the Commissioner if it is supported by substantial evidence in the record as a whole and comports with

---

[1] The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Dkt. 11).

applicable legal standards. See 42 U.S.C. § 405 (g). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983). If there is substantial evidence to support the Commissioner's findings, this court may not decide the facts anew or substitute its judgment as to the weight of the evidence for that of the Commissioner. See Goodley v. Harris, 608 F.2d 234, 236 (5th Cir. 1979).

If the Commissioner committed an error of law, the case must be remanded to the Commissioner for application of the correct legal standard. See Davis v. Shalala, 985 F.2d 528, 534 (11th Cir. 1993). If the reviewing court is unable to determine from the Commissioner's decision that the proper legal standards were applied, then remand to the Commissioner for clarification is required. See Jamison v. Bowen, 814 F.2d 585, 588 (11th Cir. 1987).

**I.**

Plaintiff filed his current application for Disability Insurance Benefits and Supplemental Security Income on August 3, 2000, with an alleged onset of disability on April 14, 1999. (T 16-17) Plaintiff claimed disability due to hepatitis C and an affective disorder. (T 17) Plaintiff was forty (40) years old at the time of the hearing and had completed high school and two years of college. (Id.) His past work experience includes working as a

tile mechanic, store manager, construction worker, telemarketer, and repairing computers. (T 17, 19, 243-44)

Plaintiff's application was denied initially and upon reconsideration. (T 16)  A hearing was held before the ALJ on January 15, 2004. (T 239-256)  The ALJ issued a decision on March 9, 2004, finding that Plaintiff was not disabled within the meaning of the Social Security Act. (T 20)

In the decision denying benefits, the ALJ found that the claimant met the nondisability requirements for a period of disability and Disability Insurance Benefits set forth in Section 216(i) for the Act and was insured for benefits through March 31, 2003. (T 19)  Further, the ALJ determined that the Plaintiff has not engaged in substantial gainful activity since the alleged onset of disability. (T 19) The ALJ also determined that Plaintiff's medical conditions, including hepatitis C with a history of alcohol use and bipolar disorder, were severe impairments under the Act but did not meet or equal an impairment listed in Appendix 1, Subpart P, Regulations No. 4. (T 18, 20) The ALJ further determined that Plaintiff's allegations regarding his limitations were not totally credible and that Plaintiff's medically determinable impairments did not prevent him from performing his past relevant work as a store manager, telemarketer, and computer person, as such work did not require the performance of work-related activities precluded by

3

his residual functional capacity for light work.[2] (Id.) Therefore, the ALJ determined that Plaintiff was not under a disability and was thus not entitled to disability benefits. (Id.)

Plaintiff alleges the Commissioner erred (1) in failing to fully and adequately consider all of Plaintiff's impairments and their effect upon Plaintiff's ability to perform work-related activity and (2) in finding that Plaintiff could return to past work.

The medical evidence has been summarized in the decision of the ALJ and will not be repeated here except as necessary to address the issues presented.

## II.

**A.** Plaintiff submits that the Commissioner did not adequately consider the combined effect of all of Plaintiff's impairments and their effect upon the Plaintiff's ability to perform work-related activity, as required by Walker v. Bowen, 826 F.2d 996, 1001 (11th Cir. 1987).

The ALJ considered the combined effect of Plaintiff's impairments, as evidenced by his written decision. First, the ALJ recognized that "[a] medically determinable impairment or combination of impairments is "severe" if it significantly limits

---

[2] Specifically, the ALJ found that Plaintiff could perform light work and that "from a psychological standpoint, [Plaintiff] has mild restriction of activities of daily living, mild difficulties in maintaining social functioning, and moderate difficulties in maintaining concentration, persistence or pace." (T 19)

4

an individual's physical or mental ability to do basic work activities." (T 18) Additionally, the ALJ asserted that the claimant had "impairments that are 'severe' within the meaning of the Regulations but not 'severe' enough to meet or medically equal, either singly or in combination, one of the impairments listed in Appendix 1, Subpart P, Regulations No. 4." (Id.) This language has been held sufficient to discharge the Commissioner's obligation to consider impairments in combination. Wheeler v. Heckler, 784 F.2d 1073, 1076 (11th Cir. 1986).

Accordingly, Plaintiff's argument that the ALJ failed to consider his impairments singularly and in combination is without merit.

**B.** Plaintiff also asserts that the Commissioner erred in finding that Plaintiff could return to past work. Specifically, Plaintiff contends that the ALJ did not adequately evaluate the requirements of the prior jobs Plaintiff held.

In assessing whether Plaintiff can return to past work, "the ALJ must consider all the duties of that work and evaluate [Plaintiff's] ability to perform them in spite of [his] impairments." Lucas v. Sullivan, 918 F.2d 1567, 1574 n.3 (11th Cir. 1990). In making his finding, the ALJ is required to develop evidence of the "physical requirements and demands" of the prior work. Nelms v. Bowen, 803 F.2d 1164, 1165 (11th Cir. 1986). At that point, Plaintiff has the burden to present evidence

5

demonstrating that he is unable to perform the activities of his prior work. Jackson v. Bowen, 801 F.2d 1291, 1293 (11th Cir. 1986). If he cannot, he must be found not disabled. 20 C.F.R. §§404.1520(e), 416.920(e).

Plaintiff's Work History Report (T 77-85) reported that he liked his work, but was unable to deal with people on a one on one basis because of daily vomiting and nausea.[3] (T 84) Plaintiff also reported some memory problems in trying to recall all past employment. (T 85)

In reviewing the medical records, the ALJ noted that Plaintiff's hepatitis was responsive to treatment and there were no documented complaints relating to this condition. (T 18) Additionally, while having a bipolar disorder, Plaintiff was on medication, was without current mental health treatment, and his psychological problems only moderately impacted his abilities. (Id.) Finally, the ALJ observed that by ceasing binge-drinking, Plaintiff's symptoms could improve. (Id.)

After a review of the record, it is clear that the ALJ did appropriately consider the demands of Plaintiff's relevant past work. Plaintiff testified that standing and sitting was not a problem but vomiting and fatigue were.[4] (T 254-55) The ALJ reported

---

[3] These symptoms worsened when Plaintiff was undergoing interferon therapy for hepatitis C. (T 250-52)

[4] Plaintiff does not allege that the ALJ failed to appropriately consider his subjective complaints. The ALJ did so, and found that

that, as self-described in the administrative record (T 78), Plaintiff's previous job as a telemarketer "entailed prolonged sitting with lifting less than 10 pounds." (T 19)[5] Additionally, the ALJ acknowledged that Plaintiff's self-reported job requirements as a store manager (T 80) included "walking up to 4 hours, standing and sitting up to 2 hours each, and lifting up to 10 pounds." (T 19)[6] Further, the ALJ recognized that the Plaintiff was currently making

---

any complaints did not affect his ability to perform light work. (T 19)

[5] Plaintiff described his telemarketing or "phone solicitation" job in a "Social Security Administration Work History Report." (T 77-78). He stated that he earned commission working seven hours a day, five days per week. (T 78) He indicated that he did not use machines, tools, or equipment, that the job did not require technical knowledge, and that he was not required to write reports or complete forms. (Id.) Plaintiff further noted that, on a daily basis, he walked for one hour, sat for six hours, and wrote, typed, or handled small objects for five hours. (Id.) Plaintiff also reported that he was required to lift objects weighing less than ten pounds frequently. (Id.) He was neither a supervisory employee nor a lead worker. (Id.)

[6] Plaintiff also described his job as a store manager in a "Social Security Administration Work History Report." (T 77, 80). He stated that he earned eight dollars and fifty cents per hour working eight hours a day, six days per week. (T 80) He was required to use equipment, the job required technical knowledge, and he was required to write reports or complete forms. (Id.) Plaintiff noted that he was charged with "increasing profit for a retail establishment, upkeep of store, ordering and stock." (Id.) Plaintiff noted that, on a daily basis, he walked for four hours, stood for two hours, sat for six hours, and wrote, typed, or handled small objects for six hours. (Id.) Plaintiff also noted that he was required to lift objects weighing ten pounds frequently. (Id.) He was a supervisor of two other employees and a lead worker. (Id.) He had the authority to hire and fire other employees. (Id.)

7

house calls to repair computers.  (T 19, 246)[7]

Plaintiff also claims that the ALJ did not fully examine Plaintiff's past work to determine whether it was "substantial gainful activity."  In assessing whether past work is relevant, the ALJ must consider whether "it was done within the last 15 years, lasted long enough for [Plaintiff] to learn to do it, and was substantial gainful activity."  20 C.F.R. § 404.1565(a).  In his ruling, the ALJ outlined these requirements and subsequently asserted that "claimant has past relevant work as a store manager, telemarketer and computer person."  (T 19)

Plaintiff's claim is merely conclusory as he has not shown that his work was not substantial gainful activity, but merely asserts that the ALJ did not address this issue in his findings.  This is not sufficient to demonstrate an error of fact or law.

The arguments presented do not establish that the ALJ erred in in finding that Plaintiff was able to perform his former work as store manager, telemarketer, and computer person.

Accordingly and upon consideration, it is **ORDERED** and **ADJUDGED** that:

(1) The decision of the Commissioner is **AFFIRMED;** and

---

[7] Plaintiff testified at the hearing that his earnings from the computer repair job making house calls were minimal. (T 243-44; 246) However, the ALJ noted in the decision that Plaintiff earned income of $6432.70 in 2000 and $870.92 in 2001 and that these earnings after the alleged disability date were "particularly probative." (T 17-18)

8

(2) The Clerk of the Court shall enter final judgment in accordance with 42 U.S.C. § 405(g) and close the file with each party bearing his own costs and expenses.

**DONE AND ORDERED** in Tampa, Florida on this 13th day of June, 2005.

_____
ELIZABETH A JENKINS
United States Magistrate Judge